

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-28-2009

# Alexander Razo v. Nordic Empress Shipping Ltd

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3442

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Alexander Razo v. Nordic Empress Shipping Ltd" (2009). *2009 Decisions.* Paper 376.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/376

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

Nos. 08-3442, 08-3631
_____

ALEXANDER RAZO

v.

NORDIC EMPRESS SHIPPING LTD.; ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION, a/k/a ROYAL CARIBBEAN CRUISES, LTD.,
d/b/a ROYAL CARIBBEAN CRUISE LINE, d/b/a ROYAL CARIBBEAN
INTERNATIONAL; ROYAL CARIBBEAN CRUISE LINE; ROYAL
CARIBBEAN INTERNATIONAL, INC.; ROYAL CARIBBEAN CRUISES, INC.,
JOHN DOE "A"; JOHN DOE "B"; JOHN DOE "C"

ALEXANDER RAZO; CIELO RAZO,
Appellants at No. 08-3442

Pursuant to F.R.A.P. 12(a)
_____

ALEXANDER RAZO

v.

NORDIC EMPRESS SHIPPING LTD.; ROYAL CARIBBEAN CRUISES, LTD.,
A LIBERIAN CORPORATION, a/k/a ROYAL CARIBBEAN CRUISES, LTD.,
d/b/a ROYAL CARIBBEAN CRUISE LINE, d/b/a ROYAL CARIBBEAN
INTERNATIONAL; ROYAL CARIBBEAN CRUISE LINE; ROYAL CARIBBEAN
INTERNATIONAL, INC.; ROYAL CARIBBEAN CRUISES, INC., JOHN DOE "A";
JOHN DOE "B"; JOHN DOE "C"

CIELO RAZO
(Pursuant to F.R.A.P. 12(a))

NORDIC EMPRESS SHIPPING LTD.,

Appellant at No. 08-3631

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-07-cv-05745)
District Judge:  The Honorable Susan D. Wigenton

_____

Submitted Under Third Circuit LAR 34.1(a)
October 1, 2009

Before: McKEE, CHAGARES, and NYGAARD, <u>Circuit</u> <u>Judges</u>.

(Filed: October 28, 2009)

_____

OPINION OF THE COURT

_____

NYGAARD, <u>Circuit</u> <u>Judge</u>.

Because our opinion is wholly without precedential value, and because the parties

and the District Court are familiar with its operative facts, we offer only an abbreviated

recitation to explain why we will affirm the order of  the District Court.

Razo, a citizen of the Philippines, was employed on board the cruise ship M/V

Empress of the Seas.  Royal Caribbean was the operator and bareboat charterer of the

M/V Nordic Empress.  Nordic Empress Shipping owned the ship.  Razo alleges that he

was injured during a lifeboat drill.  He brought various claims against numerous parties in

2

New Jersey state court, including claims for Jones Act negligence and unseaworthiness against Royal Caribbean and Nordic. The case was removed to the District Court.

Razo was employed by the terms of a collective bargaining agreement that incorporated a Philippine Overseas and Employment Administration ("POEA") standard contract. Relying on the terms of that contract, Royal Caribbean and Nordic successfully sought to compel arbitration of his claims. Razo now appeals the District Court's order to compel, arguing that the claims are not removable pursuant to the Savings to Suitors clause of 28 U.S.C. § 1333 and the anti-removal statute, 28 U.S.C. § 1445(a), applicable to Jones Act and the Federal Employer's Liability Act cases.

Razo first complains that the District Court erred in ruling that an arbitration agreement existed between himself and Royal Carribean at the time of Razo's injury. We agree with the District Court that the following provision was properly incorporated into Razo's contract: "[i]n cases of claims and disputes arising from [seafaring] employment, the parties covered by a collective bargaining agreement, shall submit the claim or dispute to the original and exclusive jurisdiction of the voluntary arbitrator or panel of arbitrators."

Razo argues that this incorporated language conflicts with Section 5 of the contract, which states: "all claims disputes or controversies that may arise from this employment contract shall be brought by the herein parties exclusively before the proper courts in Metro Manila." We agree with the District Court however, that the plain

3

language of Section 5 dictates the venue of the arbitration. Therefore, we do not find any conflict between Section 2 and Section 5.

Razo next argues that, even if the provisions of the contract do not conflict, the agreement is unenforceable under the New York Convention Act. 9 U.S.C. § 201 et seq. An arbitration agreement falls under the Convention if: "(1) there is an agreement in writing to arbitrate the dispute; (2) the agreement provides for arbitration in the territory of a Convention signatory; (3) the agreement arises out of a commercial legal relationship; and (4) a party to the agreement is not an American citizen." *Francisco v. STOLT ACHIEVEMENT MT,* 293 F.3d 270, 273 (5th Cir. 2002). Moreover, the Convention Act mandates arbitration if these requirements are met. *Id.*

We have already ruled that there is an agreement to arbitrate. It is beyond question that the Philippines is a signatory to the Convention and that Razo is not a United States citizen. We also find that the District Court was correct in concluding that contracts of employment for seaman are not excluded from the term "commercial" in the Convention Act. For these reasons we do not find any error in the District Court's conclusion that the Convention Act applies to the contract at issue, compelling arbitration here.

Moreover, we find no reason to disturb the District Court's ruling that the forum for arbitration is the Philippines. The District Court correctly ruled that Razo's reliance on the Jones Act (46 U.S.C. § 30104 et seq.), the Federal Employer's Liability Act (45 U.S.C. § 51 et seq.) and 46 U.S.C. § 30509 is misplaced. The Convention Act provides a

4

separate basis for jurisdiction, and seaman employment contracts are encompassed by that Act. Therefore, the Jones Act does not apply and, because of this, the provisions of the Federal Employer's Liability Act are not implicated. Moreover, Razo cannot rely on 46 U.S.C. §30509, which applies to passengers of common carriers. Finally, it is axiomatic that Razo, as a plaintiff, cannot invoke *forum non conveniens* to move the arbitration from the Philippines.

With regard to Nordic's appeal of the District Court's remand of Razo's unseaworthiness claims against Nordic, we agree with the District Court's analysis that, as owner of the ship, Nordic cannot dodge potential liability through contractual provisions. Moreoever, the District Court was correct in determining that Nordic cannot rely upon the arbitration agreement that binds Royal Caribbean and Razo as a defense here. The District Court properly remanded this claim.

For all of these reasons, we will affirm the order of the District Court.